IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK TONER, on behalf of himself and similarly situated employees,<br><br>                Plaintiff,<br>      v.<br><br>J.P.S. CONSTRUCTION COMPANY, INC.,<br><br>                Defendant. | CIVIL ACTION<br><br>CLASS/COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Frank Toner ("Plaintiff") brings this lawsuit against J.P.S. Construction Company, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Lansdale, PA (Montgomery County).

5. Defendant is a corporate entity headquartered at 112 Maple Avenue, Glenside, PA 19038 (Montgomery County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## **FACTS**

8. Defendant is a Pennsylvania corporation that performs demolition, maintenance, and construction work for the Pennsylvania Turnpike Commission and other customers throughout Pennsylvania.

9. Defendant employs workers who are paid an hourly wage to perform demolition, maintenance, and construction work on behalf of Defendant.  We call these individuals "hourly employees."

10. Plaintiff has worked for Defendant as an hourly employee at various times during the three-year period relevant to this lawsuit.

11. Plaintiff, like other hourly employees, often works over 40 hours per week.  In fact, 27 of the 31 paystubs retained by Plaintiff credit him with working 40 or more hours per week.

12. At the beginning of most workdays, Plaintiff and other hourly employees are required to report to Defendant's Glenside shop.  Upon arrival at the shop, Plaintiff and other hourly employees perform mandatory duties such as gathering tools, equipment, and materials and loading such tools, equipment, and materials onto company-owned trucks.  These activities occur at the Glenside shop, are required by Defendant, and are an intrinsic and indispensable element of the demolition, maintenance, and construction work performed by Plaintiff and other hourly employees throughout the workday.

13. Plaintiff and other hourly employees are not paid any compensation for time spent at the Glenside shop at the beginning of the workday.

14. At the end of most workdays, Plaintiff and other hourly employees are required to return to Defendant's Glenside shop. Upon returning to the shop, Plaintiff and other hourly employees perform duties such as unloading tools, equipment, and materials from company-owned trucks and storing such tools, equipment, and materials within the shop. These activities occur at the Glenside shop, are required by Defendant, and are an intrinsic and indispensable element of the demolition, maintenance, and construction work performed by Plaintiff and other hourly employees throughout the workday.

15. Plaintiff and other hourly employees are not paid any compensation for time spent at the Glenside shop at the end of the workday.

16. During those workdays on which Plaintiff and other hourly employees report to the Glenside shop, Plaintiff and other hourly employees are required to travel between the Glenside shop and their assigned construction sites (usually located on the Pennsylvania Turnpike). This travel time often includes time spent fueling company-owned trucks and equipment at gas stations located en route to the construction site. Moreover, such travel falls within the basic job duties of Plaintiff and other hourly employees and occurs during their normal working hours (the parameters of which are defined by the beginning-of-day arrival at and end-of-day departure from the Glenside shop).[1]

17. On *most* of the workdays described in paragraph 16, Plaintiff and other hourly

---

[1] Plaintiff and other hourly employees occasionally stay overnight at hotels or motels located near construction sites that are especially remote from the Glenside shop. This lawsuit does *not* seek any wages attributable to time spent traveling between such hotels/motels and the construction sites. For example, assume that Plaintiff: (i) traveled on Monday morning from the Glenside shop to a construction site in Pittsburgh; (ii) stayed at a nearby hotel on Monday, Tuesday, and Wednesday nights; and (iii) traveled back to the Glenside shop on Thursday afternoon. Under this scenario, Plaintiff would only seek unpaid wages for the time spent traveling (i) from the Glenside shop to Pittsburgh on Monday and (ii) from Pittsburgh to the Glenside shop on Thursday.

employees are not paid any compensation for time spent traveling between the Glenside shop and construction sites or for time associated with fueling company-owned trucks and equipment.

18. On *some* of the workdays, Defendant compensates Plaintiff and other hourly employees for time spent traveling between the Glenside shop and construction sites. On such occasions, however, Defendant does not include the travel time in determining the overtime premium wages owed to Plaintiff and other hourly employees. For example, during the week ending May 4, 2024, Defendant credited Plaintiff with 40 hours attributable to work at the construction site (for which he received a straight-time wage of $53.75/hour) and 6 hours attributable to travel (for which he received a straight-time wage of $36.00/hour). Even though Plaintiff was credited with working 46 hours during this sample week, he did not receive any overtime premium compensation for hours worked over 40.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of all individuals who, during any time after March 4, 2022,[2] have been employed by Defendant and paid an hourly wage.

20. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

21. Class action treatment of Plaintiff's PMWA claim is appropriate because, as

---

[2] *See Garcia v. Vertical Screen, Inc.*, 580 F. Supp. 3d 79, 91 n. 7 (E.D. Pa. 2022) (mandatory three-year limitations period applies to PMWA claims).

alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

22. The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.

23. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

24. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

25. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## **COUNT I – FLSA**

27. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

28. In failing to pay Plaintiff and other collective members any wages for time spent at the Glenside shop and time spent traveling between the shop and construction sites (including time spent gassing vehicles/equipment), Defendant has violated the FLSA during those weeks in

which an employee's combined paid and unpaid hours exceed 40.

29. With respect to those weeks in which Plaintiff and other collective members received straight-time pay for some travel hours, Defendant has violated the FLSA by failing to include such hours in determining the overtime premium wages owed to Plaintiff and the collective members.

30. Defendant's violations of the FLSA were undertaken with reckless disregard of clearly applicable FLSA provisions.

## COUNT II – PMWA

31. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

32. In failing to pay Plaintiff and other class members any wages for time spent at the Glenside shop and time spent traveling between the shop and construction sites (including time spent gassing vehicles/equipment), Defendant has violated the PMWA during those weeks in which an employee's combined paid and unpaid hours exceed 40.

33. With respect to those weeks in which Plaintiff and the class members received straight-time pay for some travel hours, Defendant has violated the PMWA by failing to include such hours in determining the overtime premium wages owed to Plaintiff and the class members.

## JURY DEMAND

Plaintiff demands a jury trial.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

    A.    Unpaid overtime wages and prejudgment interest;

    B.    Liquidated damages to the fullest extent permitted under the FLSA;

    C.    Litigation costs, expenses, and attorneys' fees; and

    D.    Such other and further relief as the Court deems just and proper.

Date: March 4, 2025

Respectfully,

/s/ Peter Winebrake

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

03/03/2025
_____                    _____
Date                                   Signature – Frank Toner

The signed document can be validated at https://app.vinesign.com/Verify